UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| STEPHANIE ANN STEPP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0: 20-025-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| WELLS FARGO, N.A.., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Stephanie Ann Stepp is a resident of Ashland, Kentucky. Proceeding without an attorney, Stepp has filed an "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction." [R. 1, 6] Her motion has been docketed as an amended complaint for administrative purposes.[1] Stepp has not paid the filing fee, but she has filed a motion for leave to proceed *in forma pauperis*. [R. 4] The information contained in Stepp's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Stepp is granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Stepp's pleading because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71

---

[1] The day after filing her original motion [R. 1], Stepp filed a second motion [R. 6], which appears to be a copy of the first motion with one handwritten change correcting an apparent typographical error, as well as some formatting changes. Otherwise, a review of both documents shows that they are substantively identical. For clarification, the Court will consider the amended motion [R. 6] as the operative pleading in this matter.

-1-

(6th Cir. 2010). The Court evaluates Stepp's pleading under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

Although docketed as a complaint for administrative purposes, Stepp's "emergency motion" is not a complaint at all, but is a motion for injunctive relief related to a foreclosure action in the Boyd County, Kentucky, Circuit Court, brought by Wells Fargo with respect to residential real property owned by Stepp's parents, Irene Clark Stepp and Martin Dwain Stepp, *Wells Fargo Bank, NA, v. Irene Stepp*, Case No. 14-CI-00838 (Boyd Cir. Ct. 2014) [R. 6][2] Stepp's motion is somewhat rambling and difficult to follow. Her motion states that it is brought on behalf of the United States of America "pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25, Section 4 of the Sherman Act, 15 U.S.C. § 4, and Rule 65 of the Federal Rules of Civil Procedure" seeking to

---

[2] This is not the first lawsuit that Stepp has filed in this Court related to the foreclosure of this property. Stepp's prior lawsuit, *Stepp v. Wells Fargo Bank, NA*, No. 0:19-cv-115-WOB (E.D. Ky. 2019), was dismissed for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id*. at R. 6.

enjoin "defendant, Wells Fargo, NA., et al., ("Wells Fargo, NA., et al."), and all persons acting on its behalf, from destroying, disposing of, or ceasing operation of any asset defendant Wells Fargo, NA., et al., acquired from CTX Mortgage LLC, (CTX), pending entry by the Court of a final judgment in this action." [R. 6] Stepp then makes allegations regarding a "fraudulent settlement agreement;" claims that Wells Fargo's attorney demanded that Stepp sign the agreement because she was power of attorney for her mother; and infers that Dwight O. Bailey improperly withheld funds from the settlement payment made to Irene Stepp.[3] Stepp then states that "an emergency temporary injunction is necessary to bar Defendant/Respondent(s) further violation of Kentucky Law and the Petitioner/Plaintiff(s) rights to due process, and their civil rights for a jury trial. Wells Fargo Bank, NA is not the Holder in due course. See UCC code 3-302, and Section 3-106(d), which means the holder of an instrument." [R. 6]

However, after reviewing the motion filed by Stepp, the Court concludes that this matter must be dismissed. First, while Stepp seeks preliminary injunctive relief, no complaint has been filed. In order to determine whether preliminary injunctive relief is warranted, the Court considers whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) the absence of substantial harm to others if the injunction is granted; and (4) furtherance of the public interest if the injunction is granted. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014). But without a

---

[3] A review of the Kentucky Court of Justice's online Court Records shows that Dwight Bailey was the attorney of record for Irene Stepp (although he withdrew as counsel on February 11, 2020). *See* https://kcoj.kycourts.net/CourtNet (last accessed on March 19, 2020). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

complaint adequately articulating the plaintiff's claims for relief, the Court cannot make this determination at all.

Even if the Court broadly construed Stepp's motion as a "complaint," it is insufficient to constitute a civil rights complaint. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Stepp's pleading does not comply with Rule 8 of the Federal Rules of Civil Procedure because it does not contain "a short and plain statement of the claim showing that [she] is entitled to relief" and fails to include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Indeed, although it identifies "Wells Fargo, NA, et.al" as the Defendant in the caption, it never clearly identifies the other defendants against whom Stepp's claims are made. Moreover, while Stepp is identified as the plaintiff in the case caption, in the opening paragraph, she purports to seek relief on behalf of the United States of America. Stepp further indicates that she seeks relief under a variety of statutes, yet she never clearly articulates how any of these statutes were violated. And although she refers to "illegal trespass," the substance of her motion indicates that the foreclosure case was settled and the facts giving rise to any alleged trespass are unknown. Similarly, she alleges that "Defendant" has engaged in "atrocious conduct" and "gross

negligence," but alleges no facts supporting these conclusions. Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). Where, as here, the allegations of the complaint are totally unsubstantial, a federal district court has the authority to dismiss the complaint under Fed. R. Civ. P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion") (citations omitted).

In addition, a review of the online court records in the foreclosure case, *Wells Fargo Bank, NA, v. Irene Stepp*, Case No. 14-CI-00838 (Boyd Cir. Ct. 2014), indicates that Stephanie Stepp is not a party to the foreclosure action. Indeed, after Stepp failed to heed the Boyd Circuit Court's repeated warnings that she was not permitted to file pleadings on behalf of her mother (notwithstanding her power of attorney) because she is not permitted to practice law, the Boyd Circuit Court entered an Order on November 15, 2019 directing the Boyd Circuit Clerk not to accept any further pleadings from Stephanie Ann Stepp unless the Court first rules that she is to become a party to that action. Regardless, the case was referred to the Master Commissioner for judicial sale on September 4, 2019 and a report of sale was filed on October 23, 2019. Thus, it appears that the property has been sold.

Taken together, it becomes clear that the claims that Stepp seeks to pursue in this lawsuit (to the extent that any exist) do not belong to her, but instead belong to her mother. However, to the extent that Stepp seeks relief based on Irene Stepp's claims related to the foreclosure of Irene's property (including any claims Irene may have against her attorney), Stephanie Stepp may not bring those claims on Irene's behalf because she is not an attorney. Pursuant to 28 U.S.C. § 1654,

"[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, the United States Court of Appeals for the Sixth Circuit has consistently interpreted § 1654 "as prohibiting pro se litigations from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018) (collecting cases). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). As explained by the Sixth Circuit, the rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d 200 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)). Thus, "while a pro se plaintiff can 'squander' his own rights, he cannot waste the rights of other persons or entities." *Id*. For these reasons, Stepp may only pursue claims made on her own behalf.

For all of these reasons, Stepp's motion fails to establish that preliminary injunctive relief is warranted, thus her motion will be denied. Moreover, even if the Court construed her motion as a "complaint," it fails to state a plausible claim upon which relief may be granted. Thus, her complaint will be dismissed on the Court's preliminary screening for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) . 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED** as follows:

1. Stepp's motion to proceed *in forma pauperis* [R. 4] is **GRANTED**.

2. Stepp's amended "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction," docketed as an "amended complaint" for administrative purposes [R. 6] is **DENIED**.

3. This matter is **DISMISSED WITHOUT PREJUDICE**.

4. Any pending request for relief is **DENIED AS MOOT**.

5. **JUDGMENT** shall be entered contemporaneously with this Order.

6. This action is **STRICKEN** from the Court's docket.

This the 23rd day of March, 2020.

Signed By:
*William O. Bertelsman* WOB
United States District Judge